FILED

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. S.,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>KENT SCHOOL DISTRICT; RYAN PRIES, Principal; ISRAEL VILLA, Superintendent,<br><br>    Defendants - Appellees. | No. 25-2702<br><br>D.C. No. 2:24-cv-01060-LK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted November 12, 2025**

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

J.S. appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims related to his education. We have jurisdiction

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in dismissing J.S.'s action because J.S. failed to effect proper service of the summons and complaint despite being given notice, opportunities, and directives to do so, and J.S. did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(c), (e), (j) (setting forth proper methods for service of process, including requirements for serving individuals and local governments); Fed. R. Civ. P. 4(m) (explaining that the district court may dismiss for failure to serve after providing notice and absent a showing of good cause); Wash. Rev. Code § 4.28.080(3), (16), (17) (2015) (setting forth proper methods of service of process on a school district and individual).

We lack jurisdiction to consider the district court's order striking J.S.'s motion for default judgment because J.S. failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We reject as unsupported by the record J.S.'s contentions of judicial bias.

The motion (Docket Entry No. 76) to reconsider the late-filed designation of J.S.'s reply brief is construed as a motion to accept the late-filed brief and granted. All other pending motions and requests are denied.

**AFFIRMED.**